UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**

AUG - 6 2015

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION OF THE UNITED STATES OF AMERICA FOR A WARRANT TO OBTAIN RECORDS, LOCATION INFORMATION, INCLUDING PRECISION LOCATION INFORMATION, CELL SITE INFORMATION, AND OTHER SIGNALING INFORMATION ASSOCIATED WITH THE CELLULAR TELEPHONE HAVING THE NUMBERS (314) 783-1267. | No. 4:15 MJ 200 DDN<br><br>**FILED UNDER SEAL** |

## APPLICATION

COMES NOW the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Thomas Rea, Assistant United States Attorney for said District, and hereby makes application to this Court for a warrant and order, pursuant to Title 18, United States Code, Sections 2703(c)(1)(A) and 3123, authorizing agents/officers of the Drug Enforcement Administration (DEA), Federal Bureau of Investigation (FBI) and Homeland Security Investigations (HSI) (hereinafter referred to as "investigative agencies") to obtain records and location information, including precision location information, cell site location information, and other signaling information, associated with the following cellular telephone, which is further identified as follows:

**TELEPHONE NO.:** (314) 783-1267

(hereinafter "**subject telephone**").

### I. Introduction & Relief Requested

1. The undersigned applicant for the Government is an Assistant United States Attorney in the Office of the United States Attorney for the Eastern District of Missouri, and an "attorney for the Government," as defined in Fed. R. Crim. P. 1(b)(1)(B). Therefore, pursuant to Title 18, United States Code Sections 2703(c) and 3122(a)(1), the undersigned may apply for an Order authorizing the disclosure of the telecommunication records and information requested herein.

2. The **subject telephone** is serviced by SPRINT. The records and information requested herein are directed at location-related information and subscriber information associated with the **subject telephone**, and may include information related to when the **subject telephone** is located in a protected space, such as a residence. This application does not seek to compel or acquire the disclosure of the content of any communications.

3. The **subject telephone** is currently being used in connection with violations of Title 21, United States Code, Sections 846 and 841(a)(1) (hereinafter referred to as "the subject offenses"), by Anthony Jordan, the user of the **subject telephone**, and others known and unknown.

4. The Government makes this application upon a showing of probable cause. Attached to this application and incorporated by reference as if fully set out herein is the affidavit of FBI Special Agent Brandon Burke, which alleges facts in order to show that there is probable cause to believe that evidence of the commission of the above-described subject offenses can be obtained by locating and monitoring the location of the **subject telephone**, without geographic limitation within the United States, including by obtaining precision location information (e.g., GPS information), cell site information, signaling information, and records concerning the

**subject telephone** for a period of forty-five (45) days measured from the date the Warrant is issued -- *i.e.*, from August 6, 2015, to September 19, 2015, 11:59 p.m. (CST).

5.     The present application requests relief in three forms. First, the application requests relief in the form of precision location information, including GPS information, associated with the **subject telephone**. Second, the application requests subscriber records and cell site information, which does not include precision location information, associated with the **subject telephone**. Third, the application requests authorization for the installation and use of pen register and trap-and-trace devices, including installation and use of a cell site simulator by the investigating agency.

## II.     Precision Location Information Request

1.     The Government requests a warrant directing SPRINT, any telecommunication service providers reflected in Attachment 1 (herein incorporated by reference), and any other applicable service providers, to provide precision location information, including Global Position System (GPS) information, but not the contents of any communications, associated with the **subject telephone**, for a period of Forty-five (45) days from the date of any warrant issued hereon -- *i.e.*, from August 6, 2015, to September 19, 2015, 11:59 p.m. (CST).

2.     SPRINT is a service provider within the meaning of Title 18, United States Code, Section 2510(15), and as such, is subject to Title 18, United States Code, Section 2703(c)(1)(A) which states:

> (c) Records concerning electronic communication service or remote computing service.--(1) A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record of other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity--
>
> (A) obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure...by a court of competent jurisdiction....

3. The Court has jurisdiction to issue a warrant for the disclosure of precision location information, as requested herein, because it is "a court of competent jurisdiction," as defined in Title 18, United States Code, Sections 2711(3), and 2703(a), (b), and (c). Specifically, the Court has jurisdiction over the offense being investigated.

4. Title 18, United States Code, Section 2703(g) provides that an officer is not required to be present for the service or execution of a warrant issued under Section 2703. In particular, Section 2703(g) states:

> Notwithstanding section 3105 of this title, the presence of an officer shall not be required for service or execution of a search warrant issued in accordance with this chapter requiring disclosure by a provider of electronic communications service or remote computing service of the contents of communications or records or other information pertaining to a subscriber or customer of such service.

5. Title 18, United States Code, Section 2703(c)(3) permits the government to obtain the requested information and records without providing notice to any subscriber or customer. In particular, Section 2703(c)(3) states: "A governmental entity receiving records or information under this subsection is not required to provide notice to a subscriber or customer."

4

### III. <u>Cell Site Location Information Request</u>

1.   The Government requests a warrant directing SPRINT, any telecommunication service providers reflected in Attachment 1, and any other applicable service providers, to provide certain telecommunication records and information, including cell site location information, but not the contents of any communication, for the time period of thirty (30) days prior to the warrant and for Forty-five (45) days from the date of the requested warrant[1] -- *i.e.*, from August 6, 2015, to September 19, 2015, 11:59 p.m. (CST).   In particular, the Government requests the following telecommunication records and information:

   (1)   subscriber information and all telephone numbers, ESN, MIN, IMEI, MSID or IMSI numbers, including any and all customer service records, credit and billing records, can-be-reached numbers (CBR), enhanced custom calling features, and primary long-distance carrier;

   (2)   subscriber information available for any originating telephone number;

   (3)   Automated Messaging Accounting (AMA) records (a carrier billing mechanism data base search which provides records of originating and terminating caller information for calls at the **subject telephone**) for the above-specified time period;

   (4)   cellular telephone records and information pertaining to the following, for the above-specified time period:

---

[1] In submitting this application on the basis of probable to locate the **subject telephone**, the Government is not conceding that a warrant based on probable cause is required to obtain cell site location information.

5

      (a) call detail information (provided in an electronic format specified by the agents/officers of the investigative agencies);

      (b) cell site activation information, including information identifying the antenna tower receiving transmissions from the **subject telephone** number, and any information on what portion of that tower is receiving a transmission from the **subject telephone** number, at the beginning and end of a particular telephone call made to or received by the **subject telephone** number;

      (c) numbers dialed;

      (d) call duration;

      (e) incoming numbers if identified;

      (f) signaling information pertaining to that number;

      (g) a listing of all control channels and their corresponding cell sites;

      (h) an engineering map showing all cell site tower locations, sectors and orientations; and

      (i) subscriber information, including the names, addresses, credit and billing information, published and non-published for the telephone numbers being dialed from the **subject telephone**.

  2. SPRINT is a service provider within the meaning of Title 18, United States Code, Section 2510(15), and as such, is subject to Title 18, United States Code, Section 2703(c)(1)(A) which states:

> (c)  Records concerning electronic communication service or remote computing service.--(1) A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record of other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity--
>
> (A)  obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure...by a court of competent jurisdiction....

3. The Court has jurisdiction to issue a warrant for the disclosure of requested telecommunications records, including cell site records because it is "a court of competent jurisdiction," as defined in Title 18, United States Code, Sections 2711(3), and 2703(a), (b), and (c). Specifically, the Court has jurisdiction over the offense being investigated.

4. Title 18, United States Code, Section 2703(g) provides that an officer is not required to be present for the service or execution of a warrant issued under Section 2703. In particular, Section 2703(g) states:

> Notwithstanding section 3105 of this title, the presence of an officer shall not be required for service or execution of a search warrant issued in accordance with this chapter requiring disclosure by a provider of electronic communications service or remote computing service of the contents of communications or records or other information pertaining to a subscriber or customer of such service.

5. Title 18, United States Code, Section 2703(c)(3) permits the government to obtain the requested information and records without providing notice to any subscriber or customer. In particular, Section 2703(c)(3) states: "A governmental entity receiving records or information under this subsection is not required to provide notice to a subscriber or customer."

7

### IV. Pen Register, Trap-and-Trace, and Cell-Site Simulator Request

1. The Government requests, pursuant to Title 18, United States Code, Sections 3122 and 3125, in conjunction with Title 18, United States Code, Section 2703(c), authorization for the installation and use of pen register and trap-and-trace devices, **including installation and use of a cell-site simulator by the investigating agency,** and including enhanced caller identification, as defined in Title 18, United States Code, Section 3127, without geographic limitation within the United States, and including an Order authorizing the installation and use of a pen register to record or decode dialing, routing, addressing, or signaling information transmitted by the **subject telephone** number further identified herein, and a trap-and-trace device, including enhanced caller identification, which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing and signaling information reasonably likely to identify the source of a wire or electronic communication to and from the **subject telephone** number, including the direct connect or digital dispatch dialings (if applicable), the dates and times of such dialings, and the length of time of the connections, for a period of Forty-five (45) days from the date of any warrant issued hereon[2] -- *i.e.*, from August 6, 2015, to September 19, 2015, 11:59 p.m. (CST).

2. The applicant certifies that the offenses under investigation by the FBI (the "investigative agencies") include but are not necessarily limited to the subject offenses. Therefore, the information likely to be obtained from the use of a pen register device in the form of electronic investigative techniques that capture and analyze signals emitted by cellular telephones

---

[2] In submitting this application on the basis of probable cause, the Government is not conceding that a warrant based on probable cause is required to use a cell site simulator to locate a cellular telephone.

is relevant to an ongoing criminal investigation. The pen register and trap-and-trace information requested herein does not include the contents of any communication.

3. A cell-site simulator constitutes a "pen register" device within the meaning of Title 18, United States Code, Section 3127(3), in that it is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted."

4. The investigative agencies can employ electronic investigative techniques, including a cell-site simulator, to detect radio signals that are emitted automatically at the time a cell phone is turned on, and periodically thereafter as long as the phone remains on, regardless of whether a call is being made, to communicate with the cellular infrastructure, including cell towers. These signals contain identifying numbers for the telephone (*e.g.*, the telephone number and Electronic Serial Number ("ESN") or International Mobile Subscriber Identification ("IMSI") number). The investigative agencies intend to use these techniques to identify the location from which the **subject telephone** is operating. The techniques do not intercept the content of communications, but rather search for signals emitted by the **subject telephone**, which are identified through its identifying numbers (which are already known to law enforcement through other means). Once the **subject telephone's** signals are identified, the strength of the signal emitted by the **subject telephone** can be analyzed to ascertain the general direction and location of the signal, which can assist in identifying the general location from which the **subject telephone** is operating. Agents/Officers of the investigative agencies will employ these techniques when the location of the **subject telephone** will constitute or lead to evidence of the subject offenses.

5. The Government requests that this Court's order authorize the investigative agencies, and other authorized law enforcement officers, to employ electronic investigative

9

techniques including the use of a cell-site simulator to capture and analyze signals emitted by the **subject telephone** to determine the location of the **subject telephone**. The use of a cell-site simulator may acquire signaling information when the **subject telephone** is located in a private space, such as a residence. The use of a cell-site simulator, as described herein, does not require a physical intrusion or trespass into any private space. Therefore, it is also requested that the investigative agencies be permitted to use a cell-site simulator at times determined by investigators, including any time, day or night.

6. Before using the cell-site simulator, the investigative agencies will first take steps to determine whether the **subject telephone** is in the Eastern District of Missouri. Such steps may include reviewing cell site location records associated with the **subject telephone** which may be disclosed pursuant to a warrant or order for the disclosure of cell site tower records under Title 18, United States Code, Section 2703(c). After the investigative agencies determine that the **subject telephone** is in the Eastern District of Missouri, it will continue to monitor the location, including by use of a cell-site simulator, without geographic limitation.

7. The Government further requests that the Court direct SPRINT, any telecommunications service providers reflected in Attachment 1, and any other applicable service providers, to initiate caller identification on the **subject telephone** number listed above, without the knowledge of or notification to the subscriber, for the purpose of registering incoming telephone numbers.

8. The Government further requests that the Court direct the furnishing of information, facilities, and technical assistance, as necessary, to unobtrusively accomplish the installation and use of the pen register and trap-and-trace devices, including enhanced caller

identification, by the telecommunications service providers reflected in Attachment 1 and any other applicable service providers, and with a minimum of disruption of normal telephone service.

9. The Government further requests that the Court direct that the results of the pen register and trap-and-trace devices, including enhanced caller identification, be provided to the agents/officers of the investigative agencies at reasonable intervals for the duration of the Order.

### V. Sealing and Miscellaneous Considerations

1. The Government further requests that the Court direct that subscriber records and information, including all telephone numbers, ESN, MIN, IMEI, MSID or IMSI numbers, including any and all customer service records, all available names, addresses, and identifying information, all other subscriber and service feature information, toll records including incoming and outgoing telephone numbers, credit information, billing information, and air-time summaries for available service periods, for the telephone numbers being dialed to and from the aforementioned **subject telephone** be provided to the agents/officers of the investigative agencies at reasonable intervals for the duration of the Order.

2. Pursuant to Title 18, United States Code, Section 2703(c)(3), the Government entity or agency receiving these records or information as a result of this application and accompanying warrant and order will not provide notice to the subscriber or customer of the **subject telephone**.

3. The Government further requests that this Application and Order be sealed by the Court until such time as the Court directs otherwise, since disclosure at this time would seriously jeopardize the investigation, and that, pursuant to Title 18 United States Code, Sections 3123(d)(1) and (2) and 2705(b), the Court direct the telecommunications service providers reflected in Attachment 1, and any other applicable service providers, not to disclose the existence of this

application and/or any warrant or order issued upon this application, or the existence of the investigation, to a subscriber or lessee or to any other person unless and until authorized to do so by the Court, except that the provider may disclose the warrant and any Order to an attorney for the provider for the purpose of receiving legal advice. The Government will notify the court when an indictment in any underlying investigation has been returned and unsealed, or the government finalizes or closes any associated criminal investigation, and, when appropriate, move the Court for an Order that would allow the provider to notify others of the existence of the warrant.

4.      The information requested herein does not require a physical intrusion or physical trespass into any protected space. Accordingly, it is respectively requested that the warrant authorize the investigative agencies to obtain the location information described herein at any time, day or night.

5.      The Government further requests that the Order direct that the investigative agencies provide the telecommunication providers reflected in Attachment 1, and any other applicable service providers, just compensation for reasonable expenses incurred in providing such information, facilities and technical assistance.

6.      In light of the ongoing nature of the investigation as reflected in the attached affidavit, applicant requests that the application, affidavit and warrant be sealed.

WHEREFORE, on the basis of the allegations contained in this application, and on the basis of the affidavit of FBI Special Agent Brandon Burke, which is attached hereto and made a part hereof, applicant requests this Court to issue a Warrant authorizing agents/officers of the FBI (the investigative agencies) to obtain location information, including precision location information, cell site location information, and other signaling information associated with the **subject telephone.**

I declare under penalty of perjury that the foregoing is true and correct to the best of my current knowledge, information, and belief.

Dated this ___6th___ day of August, 2015.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

*/s/ Thomas Rea*

THOMAS REA, #53245MO
Assistant United States Attorney
